UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| QUINTAYUS D. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-112 JMB |
| | ) | |
| JOSHUA GREGORY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff, Quintayus D. Moore, an inmate at the Cape Girardeau County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff arising out of the same facts.

**Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights against illegal search and seizure. He states that on January 26, 2018[1], he and a friend by the name of John Brown, were staying the night in the Twin House Inn in Cape Girardeau, Missouri. He claims that Brown took "some pills" and lay down to go to sleep.

---

[1] *State v. Moore,* No. 18CG-CR0143-01 (32nd Judicial Circuit, Cape Girardeau County), Mo.Case.Net, https://www.courts.mo.gov/ states that plaintiff was served a warrant for his arrest on January 26, 2017 relating to the drug charges at issue in this action.

Plaintiff alleges that around thirty minutes after Brown went to sleep, plaintiff noticed that Brown was "wet" and he tried to wake Brown up. Plaintiff states that his friend was "unresponsive" and was "bleeding from the nose." Plaintiff claims that he feared for his friend's safety and as a result, he contacted the Cape Girardeau Police Department.

Plaintiff asserts that Officer Evans of the Cape Girardeau Police Department responded to his call and that when he came to the door at the Inn he knocked and then "opened the door" and "told [plaintiff] to back up and stay where [he] was." Plaintiff claims that Officer Gregory arrived shortly after, and he asked plaintiff what happened. Plaintiff alleges that he told Officer Gregory that he believed Brown had ingested some pills and had possibly overdosed. Plaintiff claims that Gregory asked him if he had any weapons or "anything else on [him]" and plaintiff told him "no." Plaintiff claims Officer Gregory then asked if he could search plaintiff, and plaintiff again told Officer Gregory "no, not unless you have a search warrant." Plaintiff asserts that despite the fact that he had not given Officer Gregory consent to search, Gregory searched plaintiff and found $401 in cash on his person, as well as two small plastic bags of pills that contained Alprazolam and Clonazepam.

Plaintiff states that after the unlawful search, he was then read his Miranda rights by Officer Gregory and asked about the pills in his possession. Plaintiff asserts that he told Officer Gregory that the pills belonged to Brown and that he found the pills in Brown's pockets when he was attempting to revive him. Plaintiff told Officer Gregory that he believed Brown had taken Xanax. Officer Gregory told plaintiff that he was going to be placed under arrest for possession of a controlled substance, and plaintiff asserted that he had been merely acting as a Good

Samaritan, meaning that he could not be prosecuted under Missouri law.[2] Despite plaintiff's assertions, he was arrested and charged with two counts of possession of a controlled substance on January 26, 2018. *See State v. Moore,* No. 18CG-CR0143 (32nd Judicial Circuit, Cape Girardeau County). A formal arraignment on the complaint was done on January 29, 2018. *Id.*

Officer Gregory issued the probable cause statement on January 26, 2018. *See State v. Moore,* No. 18CG-CR0143 (32nd Judicial Circuit, Cape Girardeau County). In his statement, under oath, Officer Gregory asserts that at approximately 1:02 a.m., he responded to the Town House Inn in reference to an overdose.

> Upon my arrival I observed Ptlm Evans kneeling down providing chest compressions to the male who was overdosing and was unresponsive (John E. Brown). As I walked up the stairs to enter the room a black male exited the room where Brown was possibly overdosing. The black male was later identified as Moore. I ran Moore through communications which they replied he had a no bond warrant for probation violation – robbery.
>
> I asked Moore if he had any weapons or illegal contraband on his person which he stated he did not and allowed me to search his person. When searching Moore's front left pocket of his jeans, I retrieved 2 plastic baggies of pills (1 bag of blue pills and 1 bag of pink pills). The baggie of pink pills had 6 full pills and multiple broken pills of Alprazolam which is a Schedule IV controlled substance.
>
> The baggie of blue pills contained 5 full pills of Clonazepam, which is a Schedule IV controlled substance.
>
> I also retrieved $401 from the same pocket. The money was broken down into small denominations of $20s, $10s, $5s and $1s, which through my training and experience is commonly used for the distribution of illegal drugs.
>
> While on scene Moore was read his rights per the Miranda Warning, where he stated he understood his rights and agreed to answer my questions. Moore advised the pills were "Xanax." Moore stated he had the money along with the pills

---

[2]Plaintiff is referring to Missouri Revised Statute § 195.205 which became effective on August 28, 2017. It allows for immunity from prosecution for those who have committed certain crimes but are providing care to a person who is experiencing a drug overdose and/or are assisting another who is reporting a medical emergency to medical emergency personnel.

> because he was paying for the hotel room. The interview was recorded with my department issued recording device.
>
> Moore is on parole for Robbery 2nd, Burglary 1st, and Burglary 2nd.
>
> The above statement is a probable cause statement which only states the probable cause which was present to affect the arrest on Quintayus D. Moore and apply for formal charges.

At the preliminary hearing on the matter, on February 21, 2018, the Court found there was evidence to support sufficient probable cause to bind the defendant over for all of the felony counts for which he was charged. An Information was filed against plaintiff on February 22, 2018. *State v. Moore,* No. 18CG-CR00143-01 (32nd Judicial Circuit, Cape Girardeau County), Plaintiff is currently charged with two felony counts of possession of controlled substance.

Plaintiff brings this § 1983 action, alleging defendant Joshua Gregory violated his Fourth Amendment right to be free of an unreasonable search and seizure without probable cause. Plaintiff also claims he was falsely arrested and falsely imprisoned as the Good Samaritan Law in the State of Missouri should have shielded him from prosecution. Plaintiff further asserts that prosecuting attorneys Frank Miller, Chris Limbaugh and Julia Koester conspired with defendant Gregory to violate plaintiff's rights; and defendants City of Cape Girardeau, County of Cape Girardeau, Sheriff John Jordan, and Chief of Police Wes Blair failed to train police officers in proper investigation techniques and allowed officers to pursue cases without probable cause and without knowledge of the Good Samaritan Law. Finally, plaintiff asserts a state law claim of intentional infliction of emotional distress against the defendants. For relief, plaintiff seeks an injunction and monetary relief.

## Discussion

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Here, plaintiff asserts a claim for false arrest, false imprisonment, as well as claims for illegal seizure, conspiracy, and a state law claim of intentional infliction of emotional distress. These claims relate to rulings that "will likely be made in a pending or anticipated criminal trial." *Id.* The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter against plaintiff has been resolved through criminal proceedings. *See, e.g., Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search

and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[3]

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against plaintiff in *State v. Moore,* No.

---

[3]After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

18CG-CR0143 (32nd Judicial Circuit, Cape Girardeau County, as well as any direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Moore,* No. 18CG-CR0143 (32nd Judicial Circuit, Cape Girardeau County) as well as any direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition of all direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** at this time.

Dated this   17th   day of May, 2018.

 

\s\   Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE