# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| QUINTAYUS D. MOORE | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:18-CV-112 AGF |
| JOSHUA GREGORY, et al., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion regarding payment of his appellate and District Court filing fees. After review of the financial documents in this case, the Court will explain the payment of fees to plaintiff and deny his request for return of his filing fees as moot.

For ease of reference, the Court will once again recount the history of the assessment of filing fees in this action. Plaintiff, a prisoner, was assessed an initial partial filing fee of $1.00 in this Court, pursuant to *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997), on May 17, 2018. [Doc. #5] On May 29, 2018, plaintiff sought leave to have his initial partial filing fee removed from his prison account. [Doc. #7]

The Court granted plaintiff's request on June 4, 2018, ordering that the agency having custody of plaintiff begin making payments to the District Court until the full filing fee of $350.00 was paid in full, in accordance with 28 U.S.C. § 1915(b)(2). [Doc. #11] Section 1915(b)(2) states that the agency having custody of the prisoner will deduct payments and forward them to the Court each time the amount in the prison account exceeds $10.00.

Plaintiff appealed the stay entered in this action on May 30, 2018, and he filed a motion to proceed in forma pauperis on appeal on that same date. [Doc. #8 and #10] The Court granted

1

plaintiff's request to proceed in forma pauperis on appeal on June 4, 2018, and at that time, the Court assessed an initial partial appellate filing fee of $1.00. Plaintiff was instructed to begin making remittances for his appellate filing fee of $505.00 to the District Court. [Doc. #13]

The District Court's Finance Department noted, on July 11, 2018, that the Cape Girardeau County Jail had sent a check to the Court in an amount of $331.34 in order to pay plaintiff's District Court filing fee. The Jail acted incorrectly in doing so, and the Finance Department sent the money back to the Jail to be placed back in plaintiff's account on July 11, 2018. [Doc. #20] The Jail was then instructed to provide the Court with two separate checks, in the amount of $1.00 each, for payment of both plaintiff's initial partial filing fee for the District Court's fee and the Appellate court filing fee. As of today's date, the Court has not received the remittances.

As explained to plaintiff and the Jail by this Court and the Finance Department, 28 U.S.C. § 1915(b)(2) provides that the agency having custody of the prisoner will deduct payments and forward them to the Court each time the amount in his prison account exceeds $10.00. This will be done in order to pay both the District Court's fee and the Eighth Circuit filing fee. Unfortunately, these filing fees may not be waived, pursuant to 28 U.S.C. § 1915(b)(1).[1]

Accordingly,

---

[1] To the extent plaintiff is seeking to enjoin the Cape Girardeau County Jail from opening the mail he receives from the Court, the District Court must deny his request. "Privileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened . . . except in the presence of the prisoner." *Jensen v. Klecker,* 648 F.2d 1179, 1182 (8th Cir. 1981). However, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall,* 83 F.3d 1083, 1094 (9th Cir. 1996).

**IT IS HEREBY ORDERED** that plaintiff's request for return of his filing fees [Doc. #18] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's request to enjoin the Cape Girardeau County Jail from opening his mail from the District Court is **DENIED**.

Dated this 19th day of July, 2018.

                                        AUDREY G. FLEISSIG
                                      UNITED STATES DISTRICT JUDGE